SAMUEL, Judge.
Plaintiff filed this suit against Petroser-vice of Louisiana, Inc.[1] and its liability insurer, Highlands Insurance Company, for damages resulting from an injury sustained by him on November 8,1973 while working at the American Cyanamid plant in Jefferson Parish. He was employed as a boilermaker by a company known as Lou-Con, Inc. Commercial Union Insurance Company, the compensation insurer of Lou-Con, intervened to recover workmen’s compensation benefits paid by it to plaintiff as a result of the industrial accident. Defendants answered, denying negligence on the part of Petroservice employees and pleading negligence on the part of plaintiff.
After a trial on the merits, there was judgment in favor of the defendants, dismissing both plaintiff’s suit and the intervention of Commercial Union. Plaintiff and the intervenor have appealed.
There is no dispute regarding the basic facts. On November 8, 1973 Lou-Con was performing work for American Cyanamid Company at its plant in Jefferson Parish as was Petroservice. Both companies were engaged in the process of cleaning and reconditioning groups of tubes which extended in a vertical position.
Plaintiff was working at a level below the area where Petroservice was performing its work, a part of which involved removal of heavy metal caps inserted in the upper end of the tubes to produce an opening by which the insides of the tubes could be cleaned. After the cleaning was accomplished and in accordance with instructions from American Cyanamid, Petroservice employees replaced the caps in an inverted position on the tops of the tubes, without securing the caps in place in any manner, as a signal that the cleaning had been completed and the next job could proceed.
Work continued in the area and equipment was moved. A strong vibration took place as part of the cleaning process and one of the caps fell, struck plaintiff as he worked at the lower level, and caused him to suffer the injuries in suit.
The trial judge’s holding is based on the plaintiff’s failure to prove the accident was caused by defendant negligence. Plaintiff argues the trial court committed error by so holding on the theory that when an individual places an object under its control in a position which he knows or should know could cause injury to another, he is liable even when the injury results from that act in concurrence with the act of another. In short, plaintiff argues Petroservice is liable for placing the caps in an unsecured inverted position atop the tubes and is responsible even if the cap which struck the plaintiff was knocked from its position by someone not employed by that defendant.[2]
Defendants do not seriously quarrel with the theoretical basis of plaintiff’s argument or with the authorities cited by plaintiff. However, they argue plaintiff failed to prove the cap which struck him fell from an inverted position atop one of the tubes. Defendants show plaintiff’s witnesses did not know what caused the cap to come through the hole in the ceiling of the room in which plaintiff was injured, and the record is devoid of testimony establishing the cap fell from atop one of the tubes.
Defendants further rely on evidence in the record which shows caps like the one *1226 which struck plaintiff were not only located atop the tubes but were also situated at other places in the room above plaintiffs work area and these caps were handled by employees of American Cyanamid working in the upper room. They concede Petroser-vice employees initially placed the caps atop the tubes after removing a catalytic substance contained therein. Thereafter, employees of plaintiff’s employer removed some of the tubes from the area and in so doing they removed the caps and “set them on the side.” There is no evidence showing what the employees of plaintiff’s company did with the caps after they replaced the tubes, but there is evidence showing that, in the meantime, employees of American Cyanamid also worked in the upper room refilling the refurbished tubes with a fresh supply of the catalytic substance removed therefrom, a process which required handling of the tube caps.
In a civil case the plaintiff must prove his case by a preponderance of the evidence. This has been construed to mean the plaintiff must prove the existence of a disputed fact is more probable than not.[3] As has been pointed out, the record shows employees of three different companies handled the tube caps prior to plaintiffs injury. The record is devoid of evidence indicating or tending to indicate the cap which fell and struck plaintiff was one placed by defendant’s employees as opposed to the employees of plaintiff’s company or of American Cyanamid.
In the cited Lombard case the Supreme Court stated circumstantial evidence may be used to meet a plaintiff’s burden of proof, but such evidence must exclude other reasonable hypotheses with a reasonable amount of certainty. In the present case there is no evidence to indicate it is more likely than not that a cap last handled by Petroservice employees struck the plaintiff. It is equally possible that a cap last handled by employees of plaintiff’s own company (admittedly those caps were placed in positions other than on top of the tubes), or by employees of American Cyanamid, could have been the cap which fell and caused plaintiff’s injuries.
It is axiomatic in Louisiana that findings of fact by a trial court are entitled to substantial weight. In the present case the trial judge concluded after hearing all the evidence that plaintiff did not bear the burden of proving a causal connection between the activities of Petroservice employees and the plaintiff’s injury. The record shows no error on the part of the trial judge, and his judgment must be affirmed.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

LEMMON, J., dissents from the denial of application for rehearing and assigns reasons.

. Incorrectly referred to in plaintiffs petition and the title as “Petro Services of Louisiana (La.), Inc.”

. Plaintiff relies heavily on Dixie Drive-It Yourself Sys. v. American Beverage Company, 242 La. 471, 137 So.2d 298, and Mason v. Herrin Transfer & Warehouse Co., La.App., 168 So. 331.

. See Lombard v. Sewerage & Water Board of New Orleans, 284 So.2d 905 (S.Ct.1973).